UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MAKKAH CORP** | **CASE NO.  2:22-CV-05624** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LEXINGTON INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Lexington Insurance Company's Partial Motion to Dismiss Pursuant to Rule 12(b)(6)" (Doc. 10), wherein Defendant moves for an Order dismissing with prejudice the Hurricane Laura claims of Plaintiff, Makkah Corporation ("Makkah). Plaintiff has filed no opposition to the Motion and the time for doing so has now lapsed.

## INTRODUCTION

This matter arises from damages to property located at 2928 Pack Road in Lake Charles, Louisiana (the "Property") purportedly caused by Hurricanes Laura and Delta, which made landfall in Louisiana on August 27 and October 9, 2020, respectively. Lexington insured the Property pursuant to an insurance policy issued to Plaintiff, Makkah Corporation d/b/a Habibi Shriners, Its Clubs and Units ("Plaintiff"), policy number 41-LX-011395221-4 (the "Policy"), which was in effect at the time of the hurricanes. According to the Complaint, Plaintiff alleges breach of contract and bad faith claims against Lexington arising from its handling and adjustment of Plaintiff's insurance claims arising from Hurricanes Laura and Delta.[1]

---

[1] Doc. 1.

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Defendant argues that Plaintiff's Hurricane Laura claims are prescribed and therefore must be dismissed with prejudice.

Plaintiff's claims related to Hurricane Laura are subject to a two-year prescriptive period from the date the loss or damage to the Property occurred. The Complaint claims Hurricane Laura damaged the Property on August 27, 2020, however, Plaintiff did not file

suit until October 7, 2022—more than two years after the date the alleged damage occurred. The Court agrees that Plaintiff's claims against Lexington related to Hurricane Laura are prescribed. Accordingly, they should be dismissed with prejudice pursuant to Rule 12(b)(6).

## **CONCLUSION**

The Court finds that Plaintiff's claims related to Hurricane Laura are prescribed because they were filed more than two (2) years after the prescriptive period. The Court will grant Defendant's Motion to Dismiss Plaintiff's claims against Lexington related to Hurricane Laura.

**THUS DONE AND SIGNED** in Chambers on this 7th day of February, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**